# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

CFCU FEDERAL CREDIT UNION,

                  Appellant,

-vs-                              DECISION and ORDER
                                           06-CV-6596-CJS

TAMELA S. FRISBIE,

                  Appellee.

## APPEARANCES

| | |
|---|---|
| For Appellant: | Edward S. Crossmore, Esq.<br>115 West Green Street<br>Ithaca, NY 14850 |
| For Appellee: | Stewart E. McDivitt, Esq.<br>Route 14 and Ayers Street<br>P.O. Box 359<br>Montour Falls, NY 14865 |
| Trustee: | Douglas J. Lustig, Esq.<br>Chamberlain D'Amanda<br>1600 Crossroads Building<br>Two State Street<br>Rochester, NY 14614 |

## INTRODUCTION

**Siragusa, J.** Appellant, CFCU Federal Credit Union ("CFCU"), appeals from an Order of the Honorable John C. Ninfo II, U.S. Bankruptcy Judge, entered on September 19, 2006, that denied CFCU's motion to dismiss Appellee's, Tamela S. Frisbie ("Frisbie"), Chapter 7 bankruptcy case pursuant to § 521(i)(1). 11 U.S.C. § 521(i)(1) (2005). As more fully discussed below, CFCU never filed an appellate brief. Accordingly, Judge Ninfo's Order is affirmed.

**BACKGROUND**

On March 14, 2006, Frisbie filed for Chapter 7 bankruptcy, but on May 1, 2006, CFCU's lawyer wrote Frisbie a letter observing that she had not filled in parts of Schedules I and J. On May 31, 2006, CFCU's lawyer filed a motion to dismiss. On July 21, 2006, a hearing was held on the issue of whether Frisbie's bankruptcy case should in fact be dismissed. Frisbie filed amended versions of Schedules I and J on June 20, 2006. In Schedule I Frisbie responded to the question of whether she had reasonably anticipated an increase or decrease in income in the year following the filing of her petition that, "[i]n November 2005, I quit a much better paying job, where it was too stressful. My income is about 1/2 of what it was." To Schedule J she responded, "[n]one" to the question of whether she reasonably anticipated an increase or decrease in expenses in the year following her filing for bankruptcy.

Section 521(a)(1)(B)(vi) requires a debtor to disclose any reasonably foreseeable increase in income or expenses for the twelve-month period proceeding discharge.[1] Judge Ninfo found that, since Frisbie had no reasonably anticipated increases in either her income or expenses, her leaving blank Question 17 of Schedule I and Question 19 of Schedule J was an accurate representation and complied with § 521(a)(1)(B)(vi).

Judge Ninfo issued an Order denying CFCU's motion to dismiss on September 19, 2006. On November 13, 2006, he issued an Order denying CFCU's motion for certification of direct appeal to the Second Circuit. CFCU filed a notice of appeal from the bankruptcy court on November 29, 2006.

---

[1] Questions 17 and 19 of Schedules I and J ask a debtor to describe any reasonably anticipated increases or decreases in income or expenses. However, § 521(a)(1)(B)(vi) only requires a debtor to describe increases in income or expenses.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158, "the district courts of the United States ... have jurisdiction to hear appeals from final judgments, orders and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1) (2005). "On an appeal the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings ...." Fed. R. Bankr. P. 8013. "Findings of fact ... shall not be set aside unless clearly erroneous ...." *Id.*

> Under this standard, the district court is not authorized to engage in independent fact finding and reviews the bankruptcy court's findings only for clear error. The findings of fact can only be set aside by the district court when, after reviewing the evidence, the court is left with the firm and definite conviction that a mistake has been committed.

*Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 61 (Bankr. W.D.N.Y. 2002) (citations and internal quotations omitted). However, when a district court is reviewing conclusions of law, a *de novo* standard is used. *Id.*; *see also, In re Enron North Am. Corp.*, 312 B.R. 27, 28 (Bankr. S.D.N.Y. 2004).

## ANALYSIS

In its pertinent part, Federal Rule of Bankruptcy 8009 states:

(a) Briefs. Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Fed. R. Bankr. P. 8009. The appeal was entered into this Court's docket on November 29, 2006, and since then appellant has failed to file a brief. About nine-hundred days have now lapsed without this Court receiving a brief from CFCU's lawyer, Edward Y. Crossmore, Esq.[2]

---

[2]This Court is not blameless. On February 23, 2009—two years and two months after the CFCU's brief was due—this Court sent a letter to Douglas J. Lustig, the U.S. Bankruptcy Trustee,

The Federal Rules of Bankruptcy Procedure have no equivalent to Rule 31(c) of the Federal Rules of Appellate Procedure, which provides, in pertinent part:

> (c) Consequence of Failure to File. If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal. An appellee failing to file a brief will not be heard at oral argument unless the court grants permission.

Fed. R. App. P. 31(c). However, the late filing—or, in this case, non-filing—of an appellate brief does not justify dismissal of the appeal under Rule 8009 without a showing of bad faith, negligence, or indifference. *In re Scheri*, 51 F.3d 71, 74 (7th Cir. 1995). Here, the fact CFCU has not filed a brief in over two-and-a-half years demonstrates negligence, indifference, or both. Consequently, this case is dismissed pursuant to Rule 8009 (a)(1).

Moreover, even if CFCU had filed a brief, it would not have prevailed on the merits. CFCU's motion to dismiss was based on § 521(i)(1), which permits any party-in-interest to file for dismissal if it is shown that the debtor has failed to comply with § 521(a)(1)'s disclosure requirements within the first forty-five days after filing. 11 U.S.C. § 521(i)(1). CFCU asserts that Frisbie failed to comply with § 521(a)(1)(B)(vi), and that she amended Schedules I and J after the forty-five day limit. Section 521(a)(1)(B)(vi) provides:

> (a) The debtor shall—
>
> > (1) file—
> >
> > > (B) unless the court otherwise orders—
> > >
> > > > (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition ....

---

Stewart E. McDivitt, Talema Frisbie's attorney, and Edward J. Crossmore, CFCU's lawyer. In this letter, the Court mistakenly referred to Mr. McDivitt as CFCU's attorney, and as such, directed Mr. McDivitt to notify the Court if the case was not ready for decision on the papers by February 27, 2009. Despite Mr. Crossmore's receiving this letter, he did not respond, nor did he file a brief.

11 U.S.C. § 521(a)(1)(B)(vi) (2005). The plain meaning of the statute is clear: the duty to disclose only exists if the debtor reasonably anticipates her income or expenses may increase. Absent a reasonable anticipation, there is no duty to disclose. Hence, the statute does not require the debtor to write 'none' or 'N/A.' Frisbie did not anticipate any increase in either her income or expenses, and so, in her original filing, left the questions on Schedules I and J blank. Therefore she complied with § 521(a)(1)(B)(vi)'s requirements.

Frisbie amended her Schedule I answer to Question 17, and disclosed that, since quitting her job five months before filing for bankruptcy, her income had declined. This information was unnecessary as it is beyond the scope of § 521(a)(1)(B)(vi)'s disclosure requirements. Similarly, Frisbie amended Schedule J, and wrote "[n]one" in response to Question 19, but this was unnecessary and implicit by her leaving the question blank the first time she completed the Schedule. Accordingly, CFCU's appeal would have failed on its merits even if it had followed the correct procedures.

## CONCLUSION

Since CFCU has failed to meet the fifteen-day deadline for filing its appellant brief by more than two-and-a-half years, this case is dismissed pursuant to Federal Rule of Bankruptcy Procedure 8009 (a)(1).

IT IS SO ORDERED.

Dated: September 18, 2009
       Rochester, New York

               ENTER:

                           /s/ Charles J. Siragusa
                           CHARLES J. SIRAGUSA
                           United States District Judge